UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ELOF HANSSON USA INC., :
         Plaintiff, :
          : **ORDER**
v. :
          : 18 CV 2758 (VB)
BOLIVAR ERNESTO INFANTE QUINONES, :
         Defendant. :
--------------------------------------------------------------x

      The Court conducted an on-the-record hearing today on plaintiff's motion for a default judgment as against defendant Bolivar Ernesto Infante Quinones ("Bolivar"), at which counsel for plaintiff and counsel for former co-defendant Edgar Santiago appeared by telephone. Neither Bolivar nor any representative or attorney for Bolivar appeared.

      On November 20, 2019, the Clerk issued a certificate of default as to defendant Bolivar. (Doc. #105). On December 31, 2020, plaintiff filed the instant motion for a default judgment. (Doc. #142).

      Because defendant Bolivar has failed to appear in this action, the Court accepts as true all well-pleaded allegations in the complaint pertaining to liability. See Finkel v. Romanowics, 577 F.3d 79, 81 n.1 (2d Cir. 2009). However, a default does not constitute a confession of liability. Rather, the Court must review the complaint to determine whether the facts as alleged state a valid claim (or claims) for relief. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

      Further, a default is not an admission of damages. In order to determine damages, the court should take appropriate steps to establish the correct amount with reasonable certainty. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

      Here, the Court finds it necessary to confirm that each of plaintiff's claims against Bolivar is supported by plaintiff's well-pleaded, and now admitted, factual allegations. Accordingly, by separate order, the Court will refer to the magistrate judge for a Report and Recommendation plaintiff's motion for a default judgment and for an inquest as to the proper amount of damages. See Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

Dated: February 11, 2021         SO ORDERED:
      White Plains, NY

                                              _____
                                              Vincent L. Briccetti, U.S.D.J.