UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ELOF HANSSON USA INC.,

Plaintiff,

- against -

18 Civ. 02758-VB

EDGAR SANTIAGO, also known as "Edgar O. Santiago" and "Edgar Oscar Santiago"), and BOLIVAR ERNESTO INFANTE QUINONES,

Defendants.

-----------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY ENFORCEMENT OF THE JUDGMENT AND TO WAIVE THE BOND REQUIREMENT**

On the Brief:

William D. Hummell, Esq.
**KUCKER MARINO WINIARSKY & BITTENS, LLP**
Attorneys for Plaintiff Elof Hansson USA Inc.
747 Third Avenue, 12th Floor
New York, New York 10017
(212) 869-5030

# TABLE OF CONTENTS


| | | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| STATEMENT OF FACTS | | 1 |
| ARGUMENT | | |
| POINT I | SANTIAGO LACKS VERACITY | 2 |
| POINT II | SANTIAGO MUST POST ADEQUATE SECURITY TO OBTAIN A STAY | 3 |
| POINT III | SANTIAGO DOES NOT QUALIFY FOR WAIVER OF THE BOND REQUIREMENT | 3 |
| | A. The First Factor - Complexity of the Collection Process. | 4 |
| | B. The Second Factor - Amount of Time. | 4 |
| | C. The Third Factor - Degree of Confidence that the District Court has in Defendant's Availability of Funds to Pay the Judgment. | 5 |
| | D. The Fourth Factor - Is Defendant's Ability to Pay the Judgment So Plain that the Cost of a Bond Would be a Waste of Money. | 7 |
| | E. The Fifth Factor - Impact on Other Creditors. | 8 |
| | F. Other Considerations. | 11 |
| POINT IV | IN THE ALTERNATIVE, THE COURT SHOULD HOLD AN EVIDENTIARY HEARING TO EXAMINE SANTIAGO'S ABILITY TO POST A BOND | 13 |
| CONCLUSION | | 13 |

## TABLE OF AUTHORITIES

**Cases**

*Allied Erecting & Dismantling Co. v. U.S. Steel Corp.*,
2016 U.S. Dist. LEXIS 36263, 2016 WL 1106854, at *17
(N.D. Ohio Mar. 21, 2016) ........ 10

*Butler v Ross*,
S.D.N.Y. No. 16-cv-1282 (DLC) (Dec. 7, 2017) (Cote, J.),
2017 U.S. Dist. LEXIS 201828, 2017 WL 6210843, at *3 ........ 7

*Capitol Records, Inc. v. MP3tunes, LLC*,
No. 07-CV-9931, 2014 WL 6769551, at *2
(S.D.N.Y. Nov. 25, 2014) ........ 11

*Cohen v. Metro. Life Ins. Co.*,
334 F. App'x 375, 378 (2d Cir. 2009) ........ 3

*de la Fuente v. DCI Telecommc'ns, Inc.*,
269 F. Supp. 2d 237, 240 (S.D.N.Y.), *aff'd in part and remanded on other grounds*, 82 F. App'x 723 (2d Cir. 2003) ........ 3

*Frye v. Lagerstrom*,
S.D.N.Y. No. 15 Civ. 5348 (NRB) (Oct. 10, 2018) (Buchwald, J.),
2018 U.S. Dist. LEXIS 175509, *8-9, 2018 WL 4935805 ........ 9

*In re Carlson*,
224 F.3d 716, 719 (7th Cir. 2000) ........ 5, 7

*In re Nassau Cnty. Strip Search Cases*,
783 F.3d 414, 417-418 (2d Cir. 2015) ........ 3, 4, 11

*John Wiley & Sons, Inc.*,
327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018) (Pauley, J.)
(Aug. 17, 2018) ........ 9, 10

*Leevson v. Aqualife USA Inc.*,
2017 U.S. Dist. LEXIS 203381, 2017 WL 6541766, at *2
(E.D.N.Y. Dec. 8, 2017) report and recommendation adopted by
2017 U.S. Dist. LEXIS 210276, 2017 WL 6550683 (E.D.N.Y. Dec. 21, 2017) ........ 10

*Nken v. Holder*,
556 U.S. 418, 433, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009) ........................................ 9

*Moore v. Navillus Tile, Inc.*,
*S.D.N.Y. No. 14 Civ. 8326 (Sept. 28, 2017) (McMahon, J.),*
*2017 U.S. Dist. LEXIS 160134, 2017 WL 4326537* ........................................ *6, 8, 9*

*Quiroz v. Dickerson*,
No. 3:10-CV-00657-LRH-WGC, 2013 WL 5947459, at *2
(D. Nev. Nov. 1, 2013) ........................................ 7

*Ray Legal Consulting Grp. v. DiJoseph*,
37 F. Supp. 3d 704, 729 (S.D.N.Y. 2014) ........................................ 3

*Rivera v. Home Depot USA Inc.*,
S.D.N.Y. No. 16-cv-7552 (KBF) (June 25, 2018) (Forrest, J.),
2018 U.S. Dist. LEXIS 105853, 2018 WL 3105069, at *3 ........................................ 7

*Trans World Airlines, Inc. v. Hughes*,
314 F. Supp. 94, 98 (S.D.N.Y. 1970) ........................................ 11

*United States v. O'Callaghan*,
805 F. Supp. 2d 1321, 1325 (M.D. Fla. 2011),
aff'd, 500 F. App'x 843 (11th Cir. 2012) ........................................ 7

*United States v. Stanley*,
No. 5:11-cv-117 (DCB) (RHW), 2013 WL 6330505, at *3
(S.D. Miss. Dec. 5, 2013) ........................................ 5

*Xerox Corp. v. JCTB Inc.*,
W.D.N.Y. No. 18-cv-06154-MAT (Nov. 14, 2019) (Telesca, J.),
2019 U.S. Dist. LEXIS 197748, 2019 WL 6000997 ........................................ 10

**Other Authorities**

Rule 62(b), Fed. R. Civ. P. ........................................ 1

## PRELIMINARY STATEMENT

Plaintiff Elof Hansson USA Inc. ("Plaintiff") submits this memorandum of law in opposition to the motion which defendant Edgar Santiago ("Santiago") made on April 8, 2021 (Doc. #'s 173, 174, 175-1-3) pursuant to Rule 62(b), Fed. R. Civ. P. (hereinafter, "Rule 62(b)") for an Order staying enforcement of the Court's Judgment entered November 24, 2020 (Doc. # 139) ("the Judgment") until his appeal from the Judgment is determined and requesting to be relieved from the requirement to post a supersedeas bond as security for Plaintiff's interests in the Judgment ("Santiago's Motion"). In addition to this opposition memorandum, Plaintiff is submitting the affidavit of William D. Hummell on April 26, 2021 (hereinafter, the "Hummell April 26, 2021 Affidavit") and Exhibits 1-3 annexed thereto.

This Court, in an April 12, 2021 Order (Doc. # 186), decreed that Plaintiff's order to show cause for a turnover order and public auction and Santiago's Motion will be heard together on May 21, 2021. Accordingly, Plaintiff also relies on its order to show cause papers, including the affidavit of William D. Hummell filed on March 19, 2021 (Doc. # 168) (the "Hummell OSC Affidavit") and the documents which are Exhibits 1-14 thereto (Doc. #'s 168-1-14).

## STATEMENT OF FACTS

The primary relevant facts are summarized in the Hummell April 26, 2021 Affidavit. In the interests of brevity they will not be repeated herein. In addition, there is the Hummell OSC Affidavit; a copy of the November 20, 2020 Decision with detailed Findings of Fact and Conclusions of Law is Hummell OSC Affidavit Exhibit 1 (Doc. # 168-1), a copy of the November 23, 2020 Order (Doc. # 138) is Hummell OSC Affidavit Exhibit 2 (Doc. # 168-2), and a copy of the Judgment on November 24, 2020 (Doc. # 139) is Hummell OSC Affidavit Exhibit 3 (Doc. # 168-3). It appeared wasteful to annex another copy of those papers to Plaintiff's opposition to Santiago's Motion being heard together. Plaintiff is not submitting another copy.

## ARGUMENT

## POINT I

## SANTIAGO LACKS VERACITY

A party may make a motion for a stay of enforcement. Any motion requesting a stay order must be made pursuant to Rule 62(b). This rule, quoted below, explicitly requires an appellant as a condition for requesting a stay order must post a supersedeas bond in favor of the judgment creditor to protect its interests in the judgment.

> (b) Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Santiago requests a stay order but seeks to avoid posting a supersedeas bond to protect Plaintiff's interests in the Judgment. Santiago's attempt to deny Plaintiff from receiving the security which the Congress provided in the statute as a condition for any stay order is flawed for many reasons. Santiago's attempt to strip Plaintiff of its interests in the Judgment is not surprising given his misconduct and disloyalty to his employer proven at trial.

In analyzing Santiago's affidavit and his veracity, the Court should recall that substantial damning documents and testimony received in evidence at trial proved that for years he conspired against his employer, repeatedly engaged in deceptions, concealed material facts and stole hundreds of thousands of dollars by clandestine activities. (summarized in paragraphs 31(a) to (h), 32 and 33 of Hummell OSC Affidavit)

In addition, during Plaintiff's cross-examination of Santiago on September 3, 2020, five times he invoked the Fifth Amendment of the U.S. Constitution in refusing to answer probative questions, each of which warranted the Court to make a negative inference (summarized in paragraphs 44-52 of Hummell OSC Affidavit).

## POINT II

## SANTIAGO MUST POST ADEQUATE SECURITY TO OBTAIN A STAY

The primary purpose of Rule 62 is to ensure that the prevailing party will recover in full, if the judgment at issue should be affirmed, while protecting the defendant against the risk that payment cannot be recouped if the judgment should be reversed. *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015); *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009). It is well-settled that the bond requirement should not be eliminated or reduced unless doing so "'does not unduly endanger the judgment creditor's interest in ultimate recovery.'" *de la Fuente v. DCI Telecommc'ns, Inc.*, 269 F. Supp. 2d 237, 240 (S.D.N.Y.), *aff'd in part and remanded on other grounds*, 82 F. App'x 723 (2d Cir. 2003).

This Court has authority to order Santiago to deposit money into the registry of the court on notice to all parties. "Rule 67 is a 'procedural device…intended to provide a place of safekeeping for disputed funds pending resolution of a legal dispute[.]'" *Ray Legal Consulting Grp. v. DiJoseph*, 37 F. Supp. 3d 704, 729 (S.D.N.Y. 2014) (quoting *Prudential Ins. Co. of Am. v. BMC Indus., Inc.,* 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986)). "'It is within the court's discretion to permit or deny such a deposit.'" *Id.* (quoting *United States v. N.Y.S. Supreme Ct., Erie Cnty.*, No. 07 Civ. 27S (WMS), 2008 WL 305011, at *3 (W.D.N.Y. Feb. 1, 2008)).

## POINT III

## SANTIAGO DOES NOT QUALIFY FOR WAIVER OF THE BOND REQUIREMENT

A supersedeas bond is "designed to protect the appellee," and it "should not be eliminated or reduced unless doing so 'does not unduly endanger the judgment creditor's interest in ultimate recovery.'" *de la Fuente*, 269 F. Supp. 2d at 240 (citation omitted). The appellant bears the burden "of providing specific reasons why the court should depart from the standard requirement of

granting a stay only after posting of a supersedeas bond in the full amount of the judgment." *Id.*

In determining whether waiver of the bond requirement is warranted, the Second Circuit has adopted "non-exclusive factors that a district court may consider." These include: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *In re Nassau Cnty. Strip Search Cases*, 783 F.3d at 417-18 (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)).

Here, the five factors point to *requiring* security, not waiving it.

A. The First Factor - Complexity of the Collection Process.

The collection process here is made much more complicated by the fact that Santiago was proven at trial to be deceitful and untrustworthy. Given his history, this Court should have no confidence that he will honor the Judgment when it is affirmed. The difficulties that Plaintiff will face post-appeal will be exacerbated by the risk that Santiago will have few assets left in the United States, making Plaintiff's satisfaction of the Judgment more difficult.

B. The Second Factor - Amount of Time.

Concerning the second factor (time to collect on judgment after it is affirmed on appeal), as noted in the Hummell April 26, 2021 Affidavit, Santiago has delayed the appeal process including four months preparing his appellant's brief. It appears that argument of the appeal will not take place until September 2021, and that the appeal will not be determined by the Second Circuit until early 2022, and perhaps later. Santiago failed to include in his motion any evidence that he has refrained from engaging in fraudulent conveyances during the pendency of this case.

C. The Third Factor - Degree of Confidence that the District Court has in Defendant's Availability of Funds to Pay the Judgment.

Concerning the third factor (degree of confidence that district court has in defendant's availability of funds to pay the judgment), this is an especially negative factor here. Santiago contends he is short of funds and cannot afford to post a bond. It will be far worse for Plaintiff if it is relegated to waiting many months to continue attempts to collect on the Judgment.

As the Seventh Circuit has explained concerning the bond requirement, "waiver is appropriate only if the appellant has a clearly demonstrated ability to satisfy the judgment in the event the appeal is unsuccessful and there is no other concern that the appellee's rights will be compromised by a failure adequately to secure the judgment." *In re Carlson*, 224 F.3d 716, 719 (7th Cir. 2000) (denying stay because judgment debtor signaled his intent to evade his obligations); *United States v. Stanley*, No. 5:11-cv-117 (DCB) (RHW), 2013 WL 6330505, at *3 (S.D. Miss. Dec. 5, 2013) (denying stay because the court had "little confidence, given Dr. Stanley's history of evasion, in the availability of funds from the defendant to pay the judgment if it is upheld on appeal").

In its decision in the *Nassau County* case, the Second Circuit found that the County had "demonstrated the existence of appropriated funds, 'available for the purpose of paying judgments without substantial delay or other difficulty'"; accordingly, "there [was] no practical reason to require Nassau County to post a bond or deposit funds in order to secure a Rule 62(d) stay pending appeal." 783 F.3d at 418.

Santiago presents the opposite picture. He claims that he *does not* have funds available to pay the Judgment presently and offers no indication, much less evidence, that he is ready, willing, or able to pay the Judgment promptly. In fact, the purported absence of immediately available funds is the lynchpin of his entire motion.

In *Moore v. Navillus Tile, Inc.*, S.D.N.Y. No. 14 Civ. 8326 (Sept. 28, 2017) (McMahon, J.), 2017 U.S. Dist. LEXIS 160134, 2017 WL 4326537, at *2, the Court denied the motion for a stay without the posting of a bond because the defendant utterly failed to satisfy the second, third and fourth factors identified by the Second Circuit in its decision in *Nassau County*:

> In *Nassau County*, the third and fourth factors were determinative. The court observed that the posting of bond would be a waste of money "where the defendant's ability to pay the judgment is so plain that the cost of the [*31] bond would be a waste of money," and noted that, "Nassau County has demonstrated the existence of appropriated funds, 'available for the purpose of paying judgments without substantial delay or other difficulty," while the plaintiffs offered no evidence to the contrary. Indeed, in that case, both sides agreed that Nassau County had ample resources to pay the underlying judgment; the judgment creditor's only concern was whether the judgment would be timely paid if it were affirmed on appeal. Therefore, the Court of Appeals affirmed the district court's order granting a stay of enforcement of a money judgment against the County without requiring the posting of any bond.
>
> **That is not this case. Defendant Navillus advises the Court both that it cannot satisfy the judgment entered against it and cannot obtain a supersedeas bond in the amount of the judgment from any source.** (Padraig Naughton Decl., Exs. B, C). **That concession is determinative as to factors two, three, and four; Defendant has "not shown that [it] will be able to quickly pay the judgment following the appeal, that [it] will have funds available to pay the judgment, or that [its] ability to pay is so plain that it would be a [*32] waste of money to post a bond**." *Hardwick v. Sunbelt Rentals, Inc.*, No. 09-CV-1106, 2010 U.S. Dist. LEXIS 84533, 2010 WL 3270053, at *6 (C.D. 111. Aug. 17, 2010) (applying the *Dillon* factors). **Indeed, Defendant Navillus' insistence that satisfying *any amount* of the bond would plunge it into bankruptcy undercuts its position on those three factors**. 2010 U.S. Dist. LEXIS 84533, [WL] at *6.

*Moore*, *supra,* 2017 U.S. Dist. LEXIS 160134, *30-32; 2017 WL 4326537, at *2 (emphasis added).

Santiago's contentions in his affidavit are similar to the contentions by the defendant in *Moore*, *supra,* which were examined by Chief Judge McMahon. For the same reasons that the Court, in its decision in *Moore*, ruled that the defendant's motion for a stay without posting a bond

must be denied, this Court should deny Santiago's motion for a stay without posting a bond.

Court decisions in other cases have held that, under the *Dillon* factors (which the Second Circuit adopted in its decision in *In re Nassau County*), inability to pay the judgment requires ***denial*** of a request for an unsecured stay. *See In re Carlson*, 224 F.3d at 719 (denying request for waiver of bond based on *Dillon* factors because this case "presents the polar opposite of a situation in which waiver is appropriate," as there is "every reason to lack confidence that Carlson will pay up eventually"); *Quiroz v. Dickerson*, No. 3:10-CV-00657-LRH-WGC, 2013 WL 5947459, at *2 (D. Nev. Nov. 1, 2013) (denying request for waiver of bond based on *Dillon* factors because plaintiff "faced a serious risk of being unable to collect on the judgment in this matter" and defendant had argued that "'[c]ollection activity will financially annihilate [him]'"); *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1325 (M.D. Fla. 2011) (denying request for waiver of bond based on *Dillon* factors in part because "[o]ne typical ground for reducing or waiving the bond requirement pending appeal is that a judgment debtor is sufficiently solvent to 'facilely respond to a money judgment'"—which the debtor was not), *aff'd*, 500 F. App'x 843 (11th Cir. 2012).

D. The Fourth Factor - Is Defendant's Ability to Pay the Judgment So Plain that the Cost of a Bond Would be a Waste of Money.

The fourth factor listed in the *Nassau County* decision is another especially negative factor for Santiago which warrants a denial of his motion.

The fourth factor contemplates possibly waiving the requirement of a supersedeas bond if a court is satisfied that the debtor has sufficient assets to pay the judgment with ease. *Butler v Ross*, S.D.N.Y. No. 16-cv-1282 (DLC) (Dec. 7, 2017) (Cote, J.), 2017 U.S. Dist. LEXIS 201828, 2017 WL 6210843, at *3; *see Rivera v. Home Depot USA Inc.*, S.D.N.Y. No. 16-cv-7552 (KBF) (June 25, 2018) (Forrest, J.), 2018 U.S. Dist. LEXIS 105853, 2018 WL 3105069, at *3 (waiving bond because Home Depot had "extremely deep pockets" and would be able to pay any judgment).

Santiago cannot persuade this Court that he has plenty of assets to cover the Judgment and that, because of his substantial assets, the bond requirement should be waived. In his affidavit Santiago contends the opposite by alleging he is short of funds and cannot afford a bond.

E. The Fifth Factor - Impact on Other Creditors.

The fifth factor (impact on other creditors) does not help Santiago. It was proven at trial that Santiago pilfered $643,684.99 from Plaintiff and he is disloyal and a prevaricator. There is no good reason to believe his contention of being short of funds is truthful.

Perhaps at least as important, being short of funds actually undermines a motion for a stay without posting a bond. In the Court's decision in *Moore, supra*, Chief Judge McMahon denied the defendant's motion for a stay without posting a bond after the defendant made the same argument as Santiago here – that posting the bond would adversely affect other creditors.

> [A]ssuming *arguendo* that Navillus has proven the fifth factor, that does not mean the other *Nassau County* factors are outweighed. Indeed, in precisely this situation — where the movant's only compelling argument was under the fifth factor — Judge Rogers of the Northern District of California refused to suspend the requirement of Rule 62(d). *Angioscore, Inc. v. Trireme Med., Inc.*, No. 12-CV-03393-YGR, 2015 U.S. Dist. LEXIS 144465, 2015 WL 13387576 (N.D. Cal. Oct. 23, 2015). In that case, the judgment debtor argued that its financial situation was parlous and urged the Court to replace the bond requirement with three conditions that supposedly would protect the judgment creditor against the debtor's dissipation of assets pending appeal. Noting that the proposal made in lieu of posting bond [*34] (which did not include the posting even of partial bond) afforded "rather limited safeguards" to the judgment creditor, "particularly in light of defendants' purported financial frailty," Judge Rogers held that:
>
>> the remaining factors are neutral or cut against waiving the bond requirements. Specifically, as to the first, third, and fourth factors, defendants' representations [about their precarious financial situation] suggest the collection process may be arduous and the availability of sufficient funds in future years, in light of the other creditors referenced, is questionable. 2015 U.S. Dist. LEXIS 144465, [WL] at *2.

> Judge Rogers' striking of the balance between factors one, three, four, and five in favor of the first three and against the latter strikes me as eminently reasonable. **The first four *Dillon/Nassau County* factors are specifically addressed to the paramount concern of Rule 62(d) — protection of the interests of the judgment creditor whose case is before this Court. Factor five is not, by its terms, intended to protect the judgment debtor, but rather the judgment debtor's other creditors. It is, therefore, a weak reed on which to premise an argument that the bond requirement should be waived — especially where, as here,** [*35] **the movant wants it waived entirely and unconditionally**.

*Moore*, *supra,* 2017 U.S. Dist. LEXIS 160134, *33-35; 2017 WL 4326537, at *2 (emphasis added). [1]

The quoted analysis by Chief Judge McMahon in *Moore*, is cited by the Court in *Frye v. Lagerstrom*, S.D.N.Y. No. 15 Civ. 5348 (NRB) (Oct. 10, 2018) (Buchwald, J.), 2018 U.S. Dist. LEXIS 175509, *8-9, 2018 WL 4935805 (The defendant's concession is determinative of the second, third, and fourth factors of the Nassau County framework, and assures the Court that a "bond is necessary to safeguard [plaintiff's] recovery." The Court in *Frye* also cited the decision in *John Wiley & Sons, Inc.*, 327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018) (Pauley, J.) (Aug. 17, 2018) ("In fact, a concession of inability to pay is often 'determinative' in this inquiry.")

In *John Wiley & Sons*, the Court further held: the fact that the need to post a bond may impair the defendant is irrelevant. "The bond requirement is not designed to protect the judgment

---

[1] In *Moore*, the Court completely distinguished the decision in *Nken v. Holder*, 556 U.S. 418, 433, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009), where the petitioner sought a stay of his removal from the United States. In that context which is akin to obtaining a stay of an injunction rather than a stay of a money judgment -- the Supreme Court held that "traditional [*i.e., Hilton*] factors," rather than more rigorous statutory factors, should be applied in deciding whether to stay the removal of an alien pending appeal. Nothing in *Nken* suggests that the *Hilton* factors apply to the situation confronting this court, in which a judgment debtor seeks to stay enforcement of a money judgment against it without complying with Rule 62(d)'s bond requirements. The Second Circuit has applied the *Hilton* test only when deciding whether to stay enforcement of judgments imposing injunctions or remedies analogous thereto — never, as far as this court can determine, to a motion made for suspension of the bond requirement of Rule 62(d). *Moore*, *supra*, 2017 U.S. Dist. LEXIS 160134, *39-40; 2017 WL 4326537.

debtor's ability to continue in business. . . . ." *Leevson v. Aqualife USA Inc.*, 2017 U.S. Dist. LEXIS 203381, 2017 WL 6541766, at *2 (E.D.N.Y. Dec. 8, 2017) (citation and alteration omitted), report and recommendation adopted by 2017 U.S. Dist. LEXIS 210276, 2017 WL 6550683 (E.D.N.Y. Dec. 21, 2017); *accord Allied Erecting & Dismantling Co. v. U.S. Steel Corp.*, 2016 U.S. Dist. LEXIS 36263, 2016 WL 1106854, at *17 (N.D. Ohio Mar. 21, 2016) (debtor's bankruptcy "is precisely the injury against which a supersedeas bond is designed to protect"). *John Wiley & Sons*, *supra,* 327 F. Supp. 3d at 649.

In *Xerox Corp. v. JCTB Inc.*, W.D.N.Y. No. 18-cv-06154-MAT (Nov. 14, 2019) (Telesca, J.), 2019 U.S. Dist. LEXIS 197748, 2019 WL 6000997, the three defendants heavily relied on alleged harm to their other creditors in making their motion for a stay without posting a bond. In denying the motion, the district court concluded that the defendants' contentions showed a misunderstanding of the law, and that in actuality their contentions of being short on funds necessitated the denial of their motion.

> Courts in this Circuit have held that judgment-debtors' assertions of impecuniousness weigh heavily against granting a stay without bond. *See, e.g., Frye v. Lagerstrom*, No. 15 CIV. 5348 (NRB), 2018 WL 4935805, at *3 (S.D.N.Y. Oct. 10, 2018) ("Unlike in *Nassau County*, here the defendant avers that he is unable to pay the $33,371.98 judgment in support of his motion for a stay. The defendant's concession is determinative of the second, third, and fourth factors of the *Nassau County* framework, and assures the Court that a 'bond is necessary to safeguard [the plaintiff's] recovery.'") (quoting *John Wiley & Sons, Inc.*, 327 F. Supp. 3d 606, 2018 WL 3956508, at *27 ("In fact, a concession of inability to pay is often 'determinative' in this inquiry."); other citation omitted); *Moore v. Navillus Tile, Inc.*, No. 14 CIV. 8326, 2017 U.S. Dist. LEXIS 160134, 2017 WL 4326537, at *2 (S.D.N.Y. Sept. 28, 2017) ("Indeed, Defendant Navillus' insistence that satisfying any amount of the bond would plunge it into bankruptcy undercuts its position on those three factors.").
>
> Finally, courts in this Circuit have concluded that "[t]he fifth *Nassau County* factor does not envisage waiving the bond [*10] requirement because a debtor simply cannot pay." *Butler*, 2017 U.S. Dist. LEXIS 201828, 2017 WL 6210843, at *1.

*Xerox Corp., supra*, 2019 U.S. Dist. LEXIS 197748, *9-10, 2019 WL 6000997.

On September 3, 2020 during cross-examination on the fourth day of trial, Santiago invoked the Fifth Amendment to avoid answering Plaintiff's counsel's probative question asking him to identify the location where Bolivar delivered the $85,851.27 he paid to Santiago which Santiago had demanded from Bolivar in his June 17, 2016 email at 22:30 hours (summarized in fn. 1 of the Hummell April 26, 2021 Affidavit). This Court should make a negative inference that Santiago's invocation of the Fifth Amendment means there is at least one additional bank account with funds stolen by Santiago from Plaintiff which he has concealed from Plaintiff and the Court.

Under all of the circumstances discussed in the preceding paragraphs of this opposition memorandum and in the Hummell April 26, 2021 Affidavit, and exhibits, this Court cannot reasonably conclude that the fifth factor listed in the *Nassau County* decision by the Second Circuit provides any basis for waiving the requirement of posting a bond here.

F. Other Considerations.

Asserted financial hardship does not relieve a defendant of his requirement to secure their judgment debt. To the contrary, an appellant must be prepared to assume its financial burden. *Trans World Airlines, Inc. v. Hughes*, 314 F. Supp. 94, 98 (S.D.N.Y. 1970), *aff'd as modified*, 449 F.2d 51 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973); *see Capitol Records, Inc. v. MP3tunes, LLC*, No. 07-CV-9931, 2014 WL 6769551, at *2 (S.D.N.Y. Nov. 25, 2014) ("[S]ome level of financial hardship is not sufficient to eliminate the bond requirement.").

Thus, although a district court may, in its discretion, grant a stay without requiring the posting of a bond in the *full* amount of the judgment, such a stay must be conditioned on "'the appellant provid[ing] an acceptable alternative means of securing the judgment.'" *In re Nassau Cnty. Strip Search Cases*, 783 F.3d at 417 (quoting *FDIC v. Ann-High Assocs.*, No. 07-6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997)).

Santiago moved for an unsecured stay of enforcement of the Judgment, claiming that he is short of funds. Because an unsecured stay of enforcement would leave Plaintiff with no protection - indefinitely delaying and possibly extinguishing its ability to receive the long-overdue compensation awarded in the Judgment (Doc. # 139). Santiago would not be entitled to such a stay even if he possessed veracity and his description of his financial situation was credible.

During direct examination by his own counsel at trial Santiago swore that he did not engage in any wrongdoing. However, as summarized in paragraphs 30(a) to (k), 31 and 32, and paragraphs 44-52 of the Hummell April 26, 2021 Affidavit, the truth proven at trial was that for years Santiago conspired against his employer (Plaintiff), engaged in repeated deceptions, stole hundreds of thousands of dollars by clandestine activities, and acquired an enormous windfall of $643,684.99 by theft from Plaintiff deposited into his personal bank account.

Santiago prevaricated in paragraph 7(c) of his affidavit for a stay, by alleging that Apartment 2B in the cooperative building at 316 West 38th Street, New York, NY, is owned by Saury Mota and not him. This sworn statement in his affidavit is wildly opposite the sworn testimony Santiago provided during trial, when he unequivocally swore under oath that Apartment 2B is solely owned by Santiago, and that Saury Mota has no legal or equitable interest in Apartment 2B. [2]

[2] At trial Santiago gave contradictory, not credible testimony concerning his acquisition of Units 2B and 3A at 318 West 36th Street, New York, NY, a coop apartment building owned by 314-16-18 West 36th Street Housing Development Fund Corporation. (TR 473, L. 7 to TR 510, L. 2). He testified that Saury Mota paid $400,000 for Unit 2B and Santiago took ownership after he paid $120,000 to remodel Unit 2B and Saury Mota (allegedly) did not reimburse him (TR 473, L. 7 to TR 479, L. 3). Santiago then repeated his testimony that Saury Mota paid $400,00 by check (TR 482, L. 16-22). However, after Santiago was asked to explain how it could be that Saury Mota wrote a check for $400,00, but was unable to write a check for $120,000, and Santiago was asked to show a copy of Saury Mota's check, Santiago changed his story and swore that Saury Mota did not actually pay $400,000, but instead provided building materials, lumber, steel, cash and checks with a value of $377,000 delivered over a year's time (TR 483, L. 11-22). Santiago testified he had angry disputes with Saury Mota, but in January 2016 Saury Mota gave Unit 2B to Santiago, however, in February 2016 Saury Mota sent Santiago two checks totaling $30,000 (which made no sense if he acquired Unit 2B from Mota in January 2016 which is what Santiago just testified) (TR 491, L. 1 to TR 492, L. 24).

## POINT IV

## IN THE ALTERNATIVE, THE COURT SHOULD HOLD AN EVIDENTIARY HEARING TO EXAMINE SANTIAGO'S ABILITY TO POST A BOND

If this Court determines that a stay order requires Santiago to post the supersedeas bond explicitly required by the Congress in Rule 62(b) as a condition for a stay, Plaintiff requests the Court to issue an Order mandating Santiago to post a bond in the full amount of the Judgment in favor of Plaintiff - **$1,365,519.42** (Doc. # 139; Exhibit 3).

If this Court determines that the posting of a supersedeas bond would not be required if Santiago might not be capable of posting security in the amount of $1,365,519.42, Santiago's motion to stay enforcement of the Judgment without a bond requires an evidentiary hearing. In advance of this hearing, Plaintiff will serve discovery on Santiago and non-parties who may have information about Santiago's assets, including, for example, document requests and interrogatories on Santiago followed by a deposition, and information subpoenas on financial institutions.

## CONCLUSION

Wherefore, for the reasons discussed in this opposition memorandum and the reasons shown in the Hummell April 26, 2021 Affidavit and the Hummell OSC Affidavit and exhibits, this Court should deny Santiago's motion to stay enforcement of the Judgment and to waive the bond requirement in Rule 62(b), and grant such other and further relief in favor of Plaintiff which this Court determines is just and proper in the circumstances.

Dated: New York, New York
April 26, 2021

**WILLIAM D. HUMMELL**